## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MAYEN MAYEN,               :         Civil No. 3:20-cv-282
                                 :
         Petitioner              :         (Judge Mariani)
                                 :
    v.                           :
                                 :                    **FILED**
U.S. ICE, *et al.*,              :                    **SCRANTON**
                                 :
         Respondents             :         FEB 2 4 2022

                                           Per_____
                                                DEPUTY CLERK

### MEMORANDUM

## I.    Background

On or about February 11, 2020, Petitioner James Mayen Mayen ("Petitioner"), filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued

detention by the United States Immigration and Customs Enforcement ("ICE").  (Doc. 1).

For relief, Petitioner requested a bond hearing and release from custody.  (*Id.* at p. 8).  At

the time his petition was filed, Petitioner was detained at the York County Prison, in York,

Pennsylvania.

In an effort to ascertain the custodial status of Petitioner, the Court accessed the ICE

Online Detainee Locator System, which revealed no matches for detainee James Mayen

Mayen.[1]  The Court also accessed the Victim Information and Notification Everyday portal

---

[1]    Upon entering Petitioner's alien registration number, A200732212, and his country of birth, Sudan, into the Online Detainee Locator System, *see* https://locator.ice.gov/odls/homePage.do (last accessed February 23, 2022), the results returned no matches for any such detainee.

("VINELink"), which confirmed that Petitioner has been released from custody.[2]  For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.    Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).  "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought.  *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

---

[2]    Upon entering Petitioner's identifying information into the VINELink online inmate locator system, *see* https://vinelink.com/#/search (last accessed February 23, 2022), his status was returned as follows:

       Offender Name: Mayen, James
       Custody Status: Out of Custody
       Reason:          Paroled

In the present case, Petitioner sought a bond hearing and release from custody.
(*See* Doc. 1).  Because Petitioner has since been released from custody, the petition no
longer presents an existing case or controversy.  *See Spencer v. Kemna*, 523 U.S. 1 (1998)
(dismissing habeas petition as moot where petitioner challenged the failure to be released
on parole and was subsequently released on parole); *Nunes v. Decker*, 480 F. App'x 173,
175 (3d Cir. 2012) (holding that petitioner's release from immigration detention on an order
of supervision rendered his § 2241 habeas petition moot).  Further, Petitioner has received
the relief he sought, namely, release from custody.  *See Nunes*, 480 F. App'x 173 (ruling
that conditional release pending removal rendered the habeas petition moot); *see also
Sanchez v. Attorney General*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas
petition challenging the petitioner's continued detention by ICE was rendered moot once the
petitioner was released).  Consequently, the instant habeas corpus petition will be
dismissed as moot.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir.
1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's
personal stake in the outcome of a suit or prevent a court from being able to grant the
requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: February 24, 2022